## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-925


DONALD SANDERS

VERSUS

THE SHAW GROUP


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 02
PARISH OF RAPIDES, NO. 05-05209
JASON G. OURSO, WORKERS' COMPENSATION JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Marc T. Amy, Michael G. Sullivan, and Shannon J. Gremillion, Judges.


**AFFIRMED.**

Stephen M. Morrow, Sr.
Morrow, Gates & Morrow
Post Office Drawer 219
Opelousas, Louisiana  70571-0219
(337) 942-6529
Counsel for Plaintiff/Appellee:
    Donald Sanders

Laurie W. Maschek
Rabalais, Unland & Lorio
5100 Village Walk, Suite 300
Covington, Louisiana  70433
(985) 893-9900
Counsel for Defendant/Appellant:
    The Shaw Group

**SULLIVAN, Judge.**

The employer appeals a judgment which denied its La.R.S. 23:1208.1 affirmative defense and awarded the claimant medical and indemnity benefits. We affirm.

*Facts*

In April 2005, Donald Sanders was employed by The Shaw Group (Shaw) as a welder at NRG Big Cajun II in New Roads, Louisiana. On April 19 or 20, he injured his right knee when he bumped it on a bolt as he was inspecting a coal crusher. He reported the injury to his supervisor that day and requested to see a doctor; he was not allowed to see a doctor until May 3. In the interim, Shaw's medic wrapped his knee with an ace bandage every morning when he reported to work.

During his doctor's appointment on May 3, Mr. Sanders reported that he had injured his back and his right knee in 1985. While working for Shaw, Mr. Sanders had completed two Post-Hire Medical History Questionnaires. He denied having any prior injuries on the first questionnaire but indicated on the second that he had previously injured his back and had back surgery.

Shaw learned of Mr. Sanders' prior injuries from the doctor's report and refused to pay him indemnity or medical benefits. Mr. Sanders filed a claim for benefits. Shaw responded by pleading the affirmative defense provided in La.R.S. 23:1208.1 that Mr. Sanders forfeited his benefits because he had made a false statement on his medical questionnaires.

Mr. Sanders sought treatment with a physician of his own choice, Dr. Elemer Raffai. After obtaining an MRI, Dr. Raffai recommended arthroscopic surgery to repair his knee injury. Shaw then had Mr. Sanders examined by a physician of its

1

choice, Dr. Frazer Gaar. Dr. Gaar did not oppose the recommended arthroscopic procedure but was of the opinion that the procedure would not improve Mr. Sanders' knee and might even worsen it. An independent medical evaluation was performed by Dr. Angela Mayeux, who agreed with Mr. Sanders' physician that he needed arthroscopic surgery. Shaw would not approve the recommended procedure, and the matter proceeded to trial.

At trial, Mr. Sanders admitted that he had signed the two Post-Hire Medical History Questionnaires and presented them to Shaw, but he denied completing the forms himself. Instead, he testified that he cannot read or write, that his son-in-law completed the forms for him, and that he signed the forms after they were completed. He admitted that he did not tell anyone at Shaw he could not read or write or had previously injured his right knee.

The Workers' Compensation Judge (WCJ) concluded that Shaw failed to prove Mr. Sanders forfeited his benefits as provided in La.R.S. 23:1208.1 and awarded him indemnity and medical benefits. Shaw appeals and urges that the WCJ erred in concluding that Mr. Sanders did not forfeit his benefits and in awarding him benefits.

### *Discussion*

Louisiana Revised Statutes 23:1208.1 provides for the forfeiture of an employee's benefits when the employee fails to truthfully answer a medical questionnaire regarding previous injuries, disabilities, or other medical conditions if an answer directly relates to the medical condition for which he seeks benefits or the untruthfulness prejudices the employer's ability to seek reimbursement of benefits it paid the employee from a statutorily-created fund, known as the Second Injury Fund.

2

*See* La.R.S. 23:1371. Employers are allowed to ask employees about prior injuries in order to:

> [E]ncourage the employment of physically handicapped employees who have a permanent, partial disability by protecting employers . . . from excess liability for workers' compensation for disability when a subsequent injury to such an employee merges with his preexisting permanent physical disability to cause a greater disability than would have resulted from the subsequent injury alone.

La.R.S. 23:1371(A).

Employers can use questionnaires to obtain information about any condition an employee has which is a permanent partial disability (PPD). Louisiana Revised Statutes 23:1378(F) defines a PPD as "any permanent condition, whether congenital or due to injury or disease, of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining reemployment if the employee should become unemployed." There are thirty conditions which are presumed to be permanently partially disabling. La.R.S. 23:1378(F).

Forfeiture is a harsh remedy; therefore, La.R.S. 23:1208.1 must be strictly construed. *Nabors Drilling USA v. Davis*, 03-136 (La. 10/21/03), 857 So.2d 407. Section 1208.1 provides for forfeiture if there is "(1) an untruthful statement; (2) prejudice to the employer; and (3) compliance with the notice requirements of the statute." *Id*. at 414. The employer must prove each of these elements to successfully avoid liability under the statute. *Id*.

In *Wise v. J.E. Merit Constructors, Inc.*, 97-684 (La. 1/21/98), 707 So.2d 1214, the supreme court held that proof of an untruthful statement alone is insufficient to forfeit an employee's benefits. The employer must also establish that it was prejudiced. It can do this in one of two ways. First, the employer can establish that there is a direct relation between the prior injury and the post-employment injury;

3

however, it is insufficient to establish that the injured body part at issue was previously injured. "[A] direct relation is established when the subsequent injury was inevitable or very likely to occur because of the presence of the preexisting condition." *Id.* at 1220. Additionally, the employer can establish with medical evidence that the pre-employment injury/disability "merged" with the post-employment injury to "produce a greater disability than would have occurred" with the post-employment injury/disability alone. *Id.*

Shaw asserts that the evidence establishes all the elements required by La.R.S. 23:1208.1; therefore, Mr. Sanders forfeited all workers' compensation benefits. Mr. Sanders was involved in a work accident in which he injured his right knee and had denied having prior knee injuries on his Post-Hire Medical History Questionnaires. Shaw claims that it was prejudiced by these untruthful statements. It contends that Dr. Mayeux testified, "Mr. Sanders' pre-existing condition merged with his work accident to create a greater disability such that Mr. Sanders cannot work as a welder" and that her testimony proved it was prejudiced by Mr. Sanders' untruthful statements that he did not have a prior knee injury.

Shaw's argument is flawed. Dr. Mayeux did *not* testify that Mr. Sanders' "pre-existing right knee problems" merged with his April 2005 injury to create a greater disability than the pre-existing condition. Instead, she testified that Mr. Sanders has patella femoral arthritis, a PPD as per La.R.S. 23:1378(F), and that his arthritis merged with his work accident to create a greater disability. Also, Mr. Sanders testified that he was not aware he had arthritis, and there is no evidence in the record that his patella femoral arthritis had been diagnosed before his April 2005 accident. Given that his prior knee injuries occurred twenty years earlier and there is no

4

evidence he had any knee pain between his 1985 knee surgery and his April 2005 injury, the evidence supports Mr. Sanders' testimony that he did not know he had arthritis. Accordingly, Shaw did not prove that Mr. Sanders was untruthful with regard to the arthritis question on the pertinent post-hire questionnaire.

Shaw also did not prove that it was prejudiced by Mr. Sanders' denials of prior knee injuries. Dr. Gaar performed an IME of Mr. Sanders at Shaw's request. He related Mr. Sanders' current problems and limitations to his arthritis, not his April 2005 injury. Additionally, he was of the opinion that the April 2005 accident did not do anything to worsen his arthritis, and he did not "necessarily" believe that Mr. Sanders' prior surgical procedure made him more susceptible to reinjury. Therefore, even if Dr. Mayeux's testimony *did* establish that Shaw was prejudiced by Mr. Sanders' denials of prior injuries, Dr. Gaar's opinions conflicted with her opinions and provided the WCJ with a reasonable basis for denying Shaw's defense.

For these reasons, we find no error with the WCJ's denial of Shaw's La.R.S. 23:1208.1 affirmative defense and awarding Mr. Sanders indemnity and medical benefits.

### *Disposition*

The judgment of the WCJ is affirmed. All costs of this appeal are assessed to The Shaw Group.

**AFFIRMED.**